UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                  CIVIL ACTION

SHARON SYLVESTER                                        NO: 20-2242

                                                        SECTION: "S" (2)

OPINION

This matter is on appeal from the bankruptcy court's Order entered June 23, 2020, allowing a Chapter 13 Administrative Claim for appellee, Beau Sagona, in the amount of $12,192.30. For the reasons which follow, the judgment of the bankruptcy court is **AFFIRMED.**

BACKGROUND

As a result of the efforts of appellee, Beau Sagona, and his law firm, the Derbes Law Firm, LLC, certain property of the debtor was transferred back to the bankruptcy estate of the debtor/appellant, Sharon Sylvester, in this matter.[1] Because of the benefit of his work to the estate, and relying on 11 U.S.C. §§ 503(b)(3)(B) and 503(b)(4), Sagona moved for allowance and payment of administrative expense claims. On June 5, 2019, the bankruptcy court issued an order stating that Sagona had an allowed Chapter 13 Administrative Claim in the amount of $12,647.30. Despite the fact that she had not opposed the motion for allowance of payment of administrative expense claims, Sylvester filed a motion to reconsider that ruling. The bankruptcy

---

[1]Detailed facts regarding these events and related procedural history can be found in the court's prior opinion issued in In re Sylvester, No. CV 19-11716, 2020 WL 1140890, at *1 (E.D. La. Mar. 9, 2020).

court denied the motion to reconsider, and Sylvester appealed.

On appeal, this court determined that the basis of the fee award was unclear, and vacated the judgment and remanded the matter to the bankruptcy court with a narrow mandate: to redetermine what amount of compensation should be awarded to Sagona, and to accompany the fee determination by an explanation of how the court arrived at the award.[2] The bankruptcy court subsequently issued an order awarding an administrative expense claim of $1,013.30 under § 503(b)(3)(B) and $11,179.00 under § 503(b)(4).

Sylvester appeals, making two arguments: (1) that Sagona and his firm lacked standing to submit a claim for fees; and (2) that the bankruptcy court made procedural errors, essentially contending that the bankruptcy court did not comply with the mandate on remand because it impermissibly allowed Sagona to supplement the record with detailed fee records.

## DISCUSSION

*Standard of review*

Title 28 U.S.C. § 158(a)(1), confers jurisdiction upon district courts to "hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. A district reviews a bankruptcy court's decision under the same standard of review that an appellate court applies to a district court judgment. See 28 U.S.C. § 158(c)(2). Thus, the court reviews the bankruptcy court's conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. See <u>In re Nat'l Gypsum Co.</u>, 208 F.3d 498, 504 (5th Cir. 2000).

---

[2] <u>Id.</u> at *5.

*The standing issue is barred by res judicata*

With respect to the question of Sagona's standing, Sylvester did not raise the issue in the proceedings on remand, and it was previously litigated to final judgment between the parties. Sylvester did not appeal the bankruptcy court's rulings denying her standing arguments. Thus, in addition to being waived, Sylvester's standing argument is barred by res judicata. See <u>Matter of Baudoin</u>, 981 F.2d 736, 740 (5th Cir. 1993). Accordingly, Sylvester's standing argument fails.

*The bankruptcy court complied with the mandate on remand*

As previously noted, the court's mandate on remand was narrow: to adequately explain the fee award, supplementing the record as necessary. In the order appealed from, the bankruptcy court set forth the statutory and precedential basis for an award of administrative expense. After conducting a contradictory hearing, considering the record, and noting specifically that it had considered Sagona's time entries, the bankruptcy court determined that Sagona qualified for an administrative expense under § 503(b). The bankruptcy court analyzed each of the twelve factors from <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974) <u>abrogated on other grounds</u>, <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989). In analyzing the factors, the bankruptcy court referred to Sagona's record of time entries and reduced Sagona's requested amount by a total of $455.00 after objection from Sylvester. The bankruptcy court overruled Sylvester's objection that the instances where Sagona engaged in "block-billing" were unreasonable. The bankruptcy court clearly and correctly analyzed the evidence before it to make a fee determination. The bankruptcy court also identified the bases for its award.

With respect to Sylvester's argument that the bankruptcy court erred in considering

3

supplemental detailed fee records on remand, the court observes that it explicitly directed that the record be supplemented as necessary. Further, the Fifth Circuit Court of Appeals has acknowledged that a remand to the bankruptcy court to reassess an application for fees may require "a complete re-adjudication of the attorney's fees issue . . . which will likely require further factual development." In re Gadzooks Inc., 291 F. App'x 652, 654 (5th Cir. 2008) (citing In re Pratt, 524 F.3d 580, 585 (5th Cir. 2008) (assuming that the submission of additional evidence regarding fees may be required when a district court remands a bankruptcy court's order to determine a fee award)). The bankruptcy court did not err in considering Sagona's detailed fee records.

In sum, the bankruptcy court complied with the court's remand order, and allowed submission of the records necessary to make an accurate fee determination. Sylvester was given an opportunity to challenge the fee request in a contradictory hearing, and did so, resulting in a reduction of the fee award. The court finds no error in the bankruptcy court's ruling. Accordingly, the judgment appealed from is **AFFIRMED**.

New Orleans, Louisiana, this __14th__ day of April, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**